UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, et al., | Civil Action No. 13-4088 (AET-LHG) |
| Plaintiffs, | |
| v. | OPINION |
| ARAMARK FOOD SERVICE, et al., | |
| Defendants. | |

RECEIVED
NOV 24 2015
AT 8:30
WILLIAM T. WALSH
CLERK

**Thompson, District Judge**

1.    On July 2, 2013, Brian Keith Bragg, submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and an application to *proceed in forma pauperis*. Plaintiff named six additional plaintiffs as parties to this case, but did not provide *in forma pauperis* applications for these plaintiffs. (ECF No. 1). These plaintiffs included: Michael Simpson, Eric G. Ford, Kevin L. Coney, Karim T. Sampson, Henry Kidd, Jr., Cruz Martinez, and Damien Free. Later, on August 7, 2013, Plaintiff Damien Free submitted an application to proceed *in forma pauperis*. (ECF No. 5).

2.    On July 16, 2013, Plaintiff Bragg filed a motion for leave to amend the complaint, (ECF No. 2), asserting additional and seemingly relevant facts to the original complaint. On July 29, 2013, Plaintiff Bragg filed a motion to proceed as a class action, (ECF No. 4), and on August 14, 2013, Bragg filed two motions: one to amend and one to appoint class counsel (ECF Nos. 6, 7). The motion to amend sought to add numerous defendants alleged by Bragg to have knowledge of the claims at issue. (ECF No. 6).

3.    On August 19, 2013, Plaintiff Bragg signed a stipulation of dismissal against all county defendants. (ECF No. 8). Mail sent to Plaintiff Bragg was returned as undeliverable on

August 23 and October 30, 2013. (ECF Nos. 9, 14). Mail sent to additional plaintiffs, including Mr. Free, Karim Sampson, Cruz Martinez, Eric G. Ford, was also returned to the Court as undeliverable. (ECF Nos. 11, 12, 13, 15).

4. On October 16, 2013, additional Plaintiff Michael Simpson filed a motion to proceed as class representative. (ECF No. 10). Plaintiff Simpson stated that Plaintiff Bragg was no longer involved in the case due to his signing the stipulation of dismissal. He also stated in the motion that "the plaintiffs who submitted their names as a class have a high likelihood of success on the merits." (ECF No. 10). With the motion, Plaintiff Simpson provided his *in forma pauperis* application.

5. By Order dated March 25, 2014, this Court deemed Plaintiffs Free, Sampson, Martinez, and Ford to be withdrawn from the case pursuant to Local Civil Rule 10.1(a) for failure to keep this Court apprised of their addresses. (ECF No. 18 ¶ 5).

6. That same Order denied Plaintiff Simpson's motion to proceed as a class representative for the two other remaining plaintiffs, Coney and Kidd, as being premature. (Docket Entry 18 ¶¶ 6-8).

7. The Court also denied Plaintiff Bragg's motions to amend the complaint and directed Plaintiff Simpson to file a complete Amended Complaint within 60 days of the Court's order, or the complaint would be deemed to have been withdrawn. (ECF No. 18 ¶ 8).

8. Plaintiff Simpson did not file an amended complaint within the time period set forth by the Court, therefore on October 30, 2014, the Court dismissed the case. (ECF No. 19).

9. On December 1, 2014, Plaintiff Coney filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) and to add plaintiffs to the case. (ECF No. 20). His motion did not include the names of the plaintiffs he wanted to add to the case.

2

10. On December 8, 2014, Plaintiff Bragg filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) and to add plaintiffs Qayshawn McNeil, Andrew Wilkins, Louis Rivera, Clement Bafura, Tyrell Williams, James Turner, and Shaquan Tucker to the case. (ECF No. 21).

11. The Court received applications to proceed *in forma pauperis* from Plaintiffs Wilkins, Rivera, Bafura, Williams, Turner, and Bragg. (ECF No. 22).

12. On August 31, 2015, the Court ordered the Clerk of the Court to add Rivera and Bafura as Plaintiffs, and granted their applications to proceed *in forma pauperis*. (ECF No. 24).

13. The Court entered a separate Order on that same date denying both motions to amend the complaint and administratively terminated the complaint. (ECF No. 25).

14. The Court denied Plaintiffs' Wilkins, Williams, McNeil, Tucker, and Turner applications to proceed *in forma pauperis* on August 31, 2015. (ECF No. 26)

15. On September 10, 2015, mail sent to Plaintiffs Rivera, Kidd, and Coney was returned as undeliverable. (ECF Nos. 27, 28, 29).

16. On September 16, 2015, mail sent to Plaintiff Turner was returned as undeliverable. (ECF No. 30).

17. On September 18, 2015, mail sent to Plaintiff McNeil was returned as undeliverable. (ECF No. 31).

18. One September 30, 2015, mail sent to Plaintiff Bafura was returned as undeliverable. (ECF No. 31).

19. Plaintiffs Rivera, Kidd, Coney, Turner, McNeil, and Bafura are deemed withdrawn from the case as they have failed to keep the Court apprised of their addresses in compliance with Local Civil Rule 10.1(a).

3

20. Plaintiff Bragg filed a change of address and motion for the appointment of counsel on October 5, 2015. (ECF Nos. 33 and 34).

21. On November 12, 2015, the Court received a letter from Plaintiff Bragg inquiring as to why this complaint was dismissed. (Docket Entry 37).

22. The complaint was dismissed on October 30, 2014 as Plaintiff Simpson did not file an amended complaint within the time period set forth by the Court. (ECF No. 19).

23. Both Plaintiff Bragg's and Coney's motions to amend were denied on August 31, 2015, (ECF No. 25), therefore there is no active complaint before this Court at this time.

24. Even if there were an active complaint, it would have to be administratively terminated as not all of the remaining Plaintiffs have filed complete *in forma pauperis* applications with the Court. *See Hagan v. Rogers*, 570 F.3d 146, 155-56 (3d Cir. 2009) (requiring each joined IFP litigant to pay a full individual filing fee).

25. As there is no active complaint, Plaintiff Bragg's motion for the appointment of counsel (ECF No. 34) is denied without prejudice.

26. Plaintiffs may submit **one** proposed Second Amended Complaint within 30 days of this Order. The proposed Second Amended Complaint must be complete on its face, naming **all** parties to the action.

27. All parties to the action who have not done so must submit either a new *in forma pauperis* application or the $400 filing fee with the motion and proposed Second Amended Complaint. Plaintiffs are advised that the Court cannot permit the complaint to proceed to screening under 28 U.S.C. § 1915 until all Plaintiffs in the case have either paid the filing fee or submitted a complete *in forma pauperis* application.

4

28. Plaintiff Bragg was deemed withdrawn from this matter as he did not keep the Court apprised of his address. (ECF No. 25). If Plaintiff Bragg wishes to rejoin this matter, he must submit a new application to proceed *in forma pauperis* and keep the Court apprised of any change in his address.

29. An appropriate Order follows.

11/24/15
Date

ANNE E. THOMPSON
U.S. District Judge