RECEIVED

APR 27 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, et al., | Civil Action No. 13-4088 (AET-LHG) |
| Plaintiffs, | |
| v. | OPINION |
| ARAMARK FOOD SERVICE, et al., | |
| Defendants. | |

**Thompson, District Judge**

1. On July 2, 2013, Brian Keith Bragg, submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and an application to *proceed in forma pauperis*. Plaintiff named six additional plaintiffs as parties to this case, but did not provide *in forma pauperis* applications for these plaintiffs. (ECF No. 1). These plaintiffs included: Michael Simpson, Eric G. Ford, Kevin L. Coney, Karim T. Sampson, Henry Kidd, Jr., Cruz Martinez, and Damien Free. Later, on August 7, 2013, Plaintiff Damien Free submitted an application to proceed *in forma pauperis*. (ECF No. 5).

2. On July 16, 2013, Plaintiff Bragg filed a motion for leave to amend the complaint, (ECF No. 2), asserting additional and seemingly relevant facts to the original complaint. On July 29, 2013, Plaintiff Bragg filed a motion to proceed as a class action, (ECF No. 4), and on August 14, 2013, Bragg filed two motions: one to amend and one to appoint class counsel (ECF Nos. 6, 7). The motion to amend sought to add numerous defendants alleged by Bragg to have knowledge of the claims at issue. (ECF No. 6).

3. On August 19, 2013, Plaintiff Bragg signed a stipulation of dismissal against all county defendants. (ECF No. 8). Mail sent to Plaintiff Bragg was returned as undeliverable on

August 23 and October 30, 2013. (ECF Nos. 9, 14). Mail sent to additional plaintiffs, including Mr. Free, Karim Sampson, Cruz Martinez, Eric G. Ford, was also returned to the Court as undeliverable. (ECF Nos. 11, 12, 13, 15).

4. On October 16, 2013, additional Plaintiff Michael Simpson filed a motion to proceed as class representative. (ECF No. 10). Plaintiff Simpson stated that Plaintiff Bragg was no longer involved in the case due to his signing the stipulation of dismissal. He also stated in the motion that "the plaintiffs who submitted their names as a class have a high likelihood of success on the merits." (ECF No. 10). With the motion, Plaintiff Simpson provided his *in forma pauperis* application.

5. By Order dated March 25, 2014, this Court deemed Plaintiffs Free, Sampson, Martinez, and Ford to be withdrawn from the case pursuant to Local Civil Rule 10.1(a) for failure to keep this Court apprised of their addresses. (ECF No. 18 ¶ 5).

6. That same Order denied Plaintiff Simpson's motion to proceed as a class representative for the two other remaining plaintiffs, Coney and Kidd, as being premature. (Docket Entry 18 ¶¶ 6-8).

7. The Court also denied Plaintiff Bragg's motions to amend the complaint and directed Plaintiff Simpson to file a complete Amended Complaint within 60 days of the Court's order, or the complaint would be deemed to have been withdrawn. (ECF No. 18 ¶ 8).

8. Plaintiff Simpson did not file an amended complaint within the time period set forth by the Court, therefore on October 30, 2014, the Court dismissed the case. (ECF No. 19).

9. On December 1, 2014, Plaintiff Coney filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) and to add plaintiffs to the case. (ECF No. 20). His motion did not include the names of the plaintiffs he wanted to add to the case.

10. On December 8, 2014, Plaintiff Bragg filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) and to add plaintiffs Qayshawn McNeil, Andrew Wilkins, Louis Rivera, Clement Bafura, Tyrell Williams, James Turner, and Shaquan Tucker to the case. (ECF No. 21).

11. The Court received applications to proceed *in forma pauperis* from Plaintiffs Wilkins, Rivera, Bafura, Williams, Turner, and Bragg. (ECF No. 22).

12. On August 31, 2015, the Court ordered the Clerk of the Court to add Rivera and Bafura as Plaintiffs, and granted their applications to proceed *in forma pauperis*. (ECF No. 24).

13. The Court entered a separate Order on that same date denying both motions to amend the complaint and administratively terminated the complaint. (ECF No. 25).

14. Plaintiff Bragg filed a change of address and motion for the appointment of counsel on October 5, 2015. (ECF Nos. 33 and 34).

15. On November 12, 2015, the Court received a letter from Plaintiff Bragg inquiring as to why this complaint was dismissed. (Docket Entry 37).

16. The Court responded to Plaintiff Bragg on November 24, 2015, and gave Plaintiffs one final chance to file an amended complaint. (ECF No. 40).

17. Plaintiff Bragg submitted a proposed amended complaint on December 7, 2015, (ECF No. 41), stating he wished to reinstate his original complaint and proceed as the sole plaintiff in this action.

18. Plaintiff Bragg may not unilaterally dismiss other Plaintiffs from the case. Moreover, the proposed amended complaint seeks to reinstate claims and defendants that he agreed to dismiss with prejudice on August 19, 2013. (ECF No. 8).

19. As the proposed amended complaint would not survive a motion to dismiss, the motion to amend is denied. *See* Fed. R. Civ. Pro. 15; 28 U.S.C. § 1915(e)(2)(B).

20. It has also come to this Court's attention in other matters instituted by Plaintiff Bragg that he was released from the Mercer County Correctional Center in January 2016. *See* Letter from Mercer County Counsel, *Bragg v. Ellis*, No. 15-7638 (D.N.J. Jan. 21, 2016) ECF No. 23.

21. No new address has been provided for Plaintiff Bragg in violation of Local Civil Rule 10.1(a). Plaintiff Bragg has been advised on several occasions by this Court that he must keep a current address.

22. The complaint will be dismissed due to repeated violations of the court rules and failure of the Plaintiffs to prosecute their case. As the Court has given Plaintiffs several opportunities to submit a complaint, the dismissal is with prejudice.

23. An appropriate Order follows.

4/27/16
Date

*/s/ Anne E. Thompson*
ANNE E. THOMPSON
U.S. District Judge