IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, et al., | HONORABLE ANNE E. THOMPSON |
| Plaintiffs, | |
| v. | Civil Action No. 13-4088 (AET-LHG) |
| ARAMARK FOOD SERVICE, et al., | |
| Respondents. | **OPINION** |

APPEARANCES:

BRIAN KEITH BRAGG, Petitioner pro se
Turning Point, Suite 400
Barnett Medical Arts Complex
Patterson, New Jersey 07514

RECEIVED

AUG - 9 2016

_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

## I.     INTRODUCTION

Plaintiff Brian Keith Bragg filed a motion asking the Court to reopen his civil suit that was dismissed with prejudice on April 27, 2016. The Court construes this as a motion for reconsideration. For the reasons set forth below, the motion is denied.

## II.  BACKGROUND

On July 2, 2013, Plaintiff submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. Complaint, Docket Entry 1. Specifically, Plaintiff alleged the

food served to inmates at the Mercer County Correctional Center
("MCCC") was not in compliance with "federal, state and local
sanitation, safety and health codes" and created
unconstitutional conditions of confinement. *Id.* at 4. He named
Aramark Food Service and several employees of the MCCC as
defendants. *Id.* at 7-13. Six additional MCCC inmates were named
as plaintiffs, but no *in forma pauperis* applications were
provided for those plaintiffs.

On July 16, 2013, Plaintiff Bragg filed a motion for leave
to amend the complaint. Motion to Amend, Docket Entry 2.
Adopting the original complaint in its entirety, Plaintiff
asserted additional and seemingly relevant facts to the original
complaint. On July 29, 2013, Plaintiff Bragg filed a motion to
proceed as a class action, Docket Entry 4, and on August 14,
2013, Bragg filed two motions: one to amend the complaint and
one to appoint class counsel. Docket Entries 6 and 7. The motion
to amend sought to add more defendants alleged by Plaintiff
Bragg to have participated in creating the unconstitutional
conditions of confinement. Docket Entry 7.

On August 19, 2013, Plaintiff Bragg signed an agreement to
dismiss the complaint with prejudice against the MCCC
defendants, Docket Entry 8. Mail sent to Plaintiff Bragg
regarding his pending motions was returned on August 23, 2013.
Docket Entry 9. On October 1, 2013, Michael Simpson filed a

2

motion to proceed as a class representative as "Plaintiff Brian Bragg . . . made a settlement with Mercer County Counsel to drop his name from this lawsuit." Docket Entry 10. More mail sent to Plaintiff Bragg was returned as undeliverable on October 30 and December 3, 2013. Docket Entries 14, and 17. Mail sent to Plaintiffs Free, Sampson, Martinez, and Ford was also returned to the Court as undeliverable. Docket Entries 11, 12, 13, and 15.[1]

On March 15, 2014, the Court ordered Plaintiffs Bragg, Sampson, Martinez, and Ford terminated from the proceedings as they had failed to update their addresses as required by Local Civil Rule 10.1(a). March 15, 2014 Order, Docket Entry 18 ¶ 5. The Court further determined that class certification was premature given the "unsettled nature of the named parties and complaint . . . ." *Id.* ¶ 7. The Court denied Plaintiff Bragg's motions to amend, but granted Plaintiff Simpson leave to file "complete, signed, amended complaint within sixty (60) days of the date of this Order; if he does not do so, the case will be deemed withdrawn[.]" *Id.* at 5. As Plaintiff Simpson did not file an amended complaint within the time set forth by the Court, the case was dismissed without prejudice on October 20, 2014. Docket Entry 19.

---

[1] This matter was reassigned to the undersigned on November 19, 2013. Docket Entry 16.

A month after the case was dismissed, a new plaintiff, Kevin Coney, filed a motion to amend the complaint and add new parties. Docket Entry 20. After being absent from the case for over a year, Plaintiff Bragg reappeared on December 8, 2014 and filed a motion to amend the complaint. Docket Entry 21. The Clerk's Office reopened the matter for review on April 21, 2015, and on May 18, 2015, the mail sent to Plaintiff Bragg regarding the reopening was returned to the Court as undeliverable. Docket Entry 23.

On August 31, 2015, the Court denied the motions to amend, deemed Plaintiff Bragg withdrawn from the case once again. The Court granted the remaining plaintiffs permission to file an amended complaint within 60 days and closed the case. Docket Entry 25. The Court's order was returned as undeliverable as to several plaintiffs. Docket Entries 27, 28, and 29.

Plaintiff Bragg filed a change of address and motion for the appointment of counsel on October 5, 2015. Docket Entries 33 and 34. On November 12, 2015, the Court received a letter from Plaintiff Bragg inquiring as to why this complaint had been dismissed. The Court explained via Opinion and Order dated November 24, 2015 that the complaint had been dismissed on October 30, 2014 as Plaintiff Simpson did not file an amended complaint within the time period set forth by the Court. November 24, 2015 Opinion, Docket Entry 39 ¶ 22. It further

4

stated that as both Plaintiff Bragg's and Coney's motions to amend had been denied on August 31, 2015, there was no active complaint before this Court at that time. *Id.* ¶ 23. The Court explained that even if there were an active complaint, it would have to be administratively terminated as not all of the remaining Plaintiffs had filed complete *in forma pauperis* applications. *Id.* ¶ 24 (citing *Hagan v. Rogers*, 570 F.3d 146, 155-56 (3d Cir. 2009) (requiring each joined IFP litigant to pay a full individual filing fee)). The Court gave plaintiffs one final chance to submit a proposed second amended complaint. *Id.* ¶ 26. The Court specifically stated "Plaintiff Bragg was deemed withdrawn from this matter as he did not keep the Court apprised of his address. If Plaintiff Bragg wishes to rejoin this matter, he must . . . keep the Court apprised of any change in his address." *Id.* ¶ 28.

Plaintiff Bragg thereafter submitted a letter on December 7, 2015, stating he wished to reinstate his original complaint and proceed as the sole plaintiff in this action. Docket Entry 41. The Court held that the original complaint could not act as a second amended complaint as Plaintiff Bragg could not unilaterally dismiss other plaintiffs from the case and it sought to reinstate claims and defendants that Plaintiff Bragg agreed to dismiss with prejudice on August 19, 2013. April 27, 2016 Opinion, Docket Entry 44 ¶¶ 18-19. The Court

further took notice of the fact that a letter filed in another action brought by Plaintiff Bragg indicated he had been released from the MCCC in January 2016. *Id.* ¶ 20. As Plaintiff Bragg had been advised on several occasions by the Court that he must keep a current address, no new address had been provided for him, and plaintiffs had been given several opportunities to amend their complaint, the Court dismissed the complaint with prejudice. Dismissal Order, Docket Entry 45.

On May 12, 2016, Plaintiff Bragg moved to reopen the case. Motion to Reopen, Docket Entry 48. He argued the case should be reopened as he "has been trying to prosecute his case and keep the Court up dated [sic] about [his] current address." *Id.* ¶ 2. He also asserts he lacks legal skills and knowledge about court procedure. *Id.* ¶ 3

## III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980),

6

*overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975

(3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92,

93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must

show:

> (1) an intervening change in the controlling law; (2)
> the availability of new evidence that was not available
> when the court ... [rendered the judgment in question];
> or (3) the need to correct a clear error of law or fact
> or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837,

848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann,*

*Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard

of review involved in a motion for reconsideration is high and

relief is to be granted sparingly. *United States v. Jones*, 158

F.R.D. 309, 314 (D.N.J. 1994).

**IV. DISCUSSION**

In his motion asking the Court to reopen the complaint,

Plaintiff Bragg states he "has been trying to prosecute this

case and keep the Court up dated [sic] about [his] current

address." Motion ¶ 2. He asserts he lacks legal skills and

knowledge about court procedure. *Id.* ¶ 3. The Court finds these

arguments unpersuasive and contradicted by the record of this

matter and Plaintiff's litigation history. The Court sees no

reason to reconsider its dismissal of the complaint for

violations of the court rules and failure to prosecute. *See*

*Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982) (noting Rule 41(b) authorizes sua sponte dismissals by court).

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" In determining whether dismissal as a sanction pursuant to Rule 41(b) is warranted, courts consider six factors, known as the *Poulis* factors: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[2]

It is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court apprised of his or her current mailing address. Local Civ. R. 10.1(a). This is Plaintiff Bragg's responsibility and his responsibility alone. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for

---

[2] These factors were considered by the Court in determining to dismiss the complaint, but were not set out at length in its April 27, 2016 opinion and order. The Court does so now for Plaintiffs' benefit and completeness of the record.

delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . .") . Plaintiff Bragg's statement that he "tried" to keep the Court apprised of his address is unconvincing, as is his contention that he was unaware of the relevant rules.

A PACER search, of which this Court takes judicial notice, indicates Plaintiff Bragg has filed over 30 civil cases just in this district. It is clear that even though he is proceeding pro se, Plaintiff has sufficient legal understanding to follow the court rules. It also cannot be plausibly argued that Plaintiff Bragg was unaware of the requirement to keep the Court informed of his address. In this matter alone, the Court terminated Plaintiff Bragg from the case under Rule 10.1 on at least two occasions: March 25, 2014 and August 31, 2015. Docket Entries 18 and 25. Each order specifically stated the termination was due to Plaintiff Bragg's failure to keep the Court apprised of his address. Moreover, Plaintiff Bragg clearly knew about the requirement as he filed notices of address changes on October 5 and 15, 2015. Docket Entries 33 and 35. The Court also specifically instructed Plaintiff Bragg to keep it apprised of his address in its response to his inquiry as to why the case had been closed in August 2015. November 24, 2015 Opinion, Docket Entry 39 ¶ 28. Plaintiff Bragg has provided no reasons to

this Court why he continually failed to update his address; therefore, the first factor supports dismissal.

The second *Poulis* factor requires the Court to consider the prejudice to Defendants. Here, none of the complaints submitted by plaintiffs have been permitted to proceed. However, the Court notes that the passage of time since the initial filing would be highly prejudicial to the Defendants in the event the complaint proceeded. Were the Court to reinstate the complaint, Defendants would be addressing allegations regarding the conditions of the MCCC in 2013. Their ability to prepare a "full and complete" defense would doubtlessly be impeded. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Furthermore, as noted by the Court in its opinion denying the request to permit the original complaint to act as the second amended complaint, Plaintiff Bragg settled with several defendants named in the original complaint. *See* Stipulation of Dismissal, Docket Entry 8. Reinstating the original complaint would be highly prejudicial to those parties by drawing them back into ligation that was dismissed with prejudice against them in 2013. The second *Poulis* factor also supports the Court's dismissal of the complaint.

The Court finds that Plaintiff Bragg has demonstrated a history of dilatoriness by repeatedly failing to follow the Court's directives and guidance. *See Adams v. Trustees of N.J.*

10

*Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). As previously discussed, Plaintiff Bragg was instructed on several occasions to keep his address current. His repeated failure to do so and lack of any explanation for said failure weighs in favor of dismissal.

There are insufficient facts to warrant an inference of bad faith or willfulness, however. "Willfulness involves intentional or self-serving behavior." *Id.* at 875. Conduct that is "merely negligent or inadvertent" is not "contumacious," *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute ... does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876. While Plaintiff Bragg may be inexcusably negligent, that is not enough to meet the *Poulis* standard of willfulness. *Ibid.*

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal. Plaintiff Bragg is proceeding pro se and has applied to proceed *in forma pauperis*, therefore monetary sanctions would not be an effective alternative. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). The Court repeatedly instructed Plaintiff Bragg to

11

keep his address current and has administratively terminated the action on prior occasions when he did not do so.[3] As these lesser sanctions have not induced Plaintiff Bragg to follow the Court's instructions, the Court finds no sanction short of dismissal would be effective.

The final *Poulis* factor is the meritoriousness of the Plaintiffs' claims. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263. The proposed amended complaint unilaterally dismissed other plaintiffs from the case and sought to reinstate claims and defendants that Plaintiff Bragg had agreed to dismiss with prejudice on August 19, 2013. *See* Docket Entry 8. Such a complaint would not have survived a motion to dismiss. This factors supports dismissal.

The *Poulis* factors overwhelmingly support dismissal. The fact that Plaintiff Bragg has repeatedly failed to follow this Court's directions and that any defendants would be prejudiced in their ability to defend themselves are particularly important. There is no reason to reconsider the Court's order or reopen the case.

---

[3] The Court also notes that many of the other Plaintiffs have also failed to keep their addresses current.

12

## V. CONCLUSION

For the reasons stated above, Petitioner's motion is denied. An accompanying Order will be entered.

Aug 1, 2016
_____
Date

_____
ANNE E. THOMPSON
U.S. District Judge

13